**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHARI A. WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01399-JD |
| | ) | |
| THIRTY5 WEST NEW LP LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff Shari A. Wiley's ("Wiley") Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). [Doc. No. 3]. The Motion seeks an ex parte temporary restraining order to prohibit the Defendants from "initiating pursuing, threatening, or communicating any eviction-related action." Motion at 1. For the reasons stated below, the Court DENIES the Motion.

First, under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *See also Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230, 1232–33 (10th Cir. 2017) ("As a prerequisite to the issuance of a preliminary injunction, Federal Rule of Civil Procedure 65(c) requires the moving party to post a security bond 'to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'").

The Motion does not state that Wiley is willing and able to post a bond, does not propose a bond amount, nor does it establish that an exception to the bond requirement is applicable in this case. Without this information in the Motion, the Court is unable to grant the relief requested, and the Court will not *sua sponte* determine a bond amount or determine that an exception to the bond requirement applies in this case.

Further, a request for temporary restraining order or preliminary injunction requires Wiley to show that four conditions are met:

(1) irreparable harm to the movant if the injunction is not granted;

(2) a substantial likelihood that the movant will prevail on the merits;

(3) threatened injury to the movant outweighs possible harm to the opposing party if the injunction is granted; and

(4) the injunction would not be contrary to the public interest.

*Thomas v. Carson*, 30 F. App'x 770, 772 (10th Cir. 2002) (unpublished) (citing *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999)). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (same).

The complaint (styled as a "Verified Civil Complaint and Bill in Equity"), [Doc. No. 1], and its attachments evince a clear failure of the second condition. Wiley argues that because the property she rents is encumbered by a financing statement naming Wells Fargo Bank, N.A. as a secured party, the Defendants—the titled owner and property manager—lack legal capacity to make or enforce a lease. [Doc. No. 1 ¶¶ 4, 12–18]. That theory reflects a fundamental misunderstanding of the Uniform Commercial Code, the nature of financing arrangements, and the nature of property ownership.

A secured party is "a person in whose favor a security interest is created or provided for under a security agreement." UCC § 9-102(a)(73)(A). This is similar to a home loan arrangement, where the lender is a "secured party" who may take the property and sell it if the buyer fails to make payments on his mortgage. A financing statement simply provides public notice of a secured party's interest. *See* Financing Statement, Black's Law Dictionary (12th ed. 2024) ("A document filed in the public records to notify third parties, usu[ally] prospective buyers and lenders, of a secured party's security interest in goods or real property.").

Neither a financing statement nor a secured interest divests a property owner of their right to manage the premises or execute residential leases. While the Court does not reach the merits of Wiley's claims on a temporary restraining order posture, the Court readily concludes that Wiley is not substantially likely to succeed on the merits.

For these reasons, the Court DENIES Plaintiff Shari A. Wiley's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3].

IT IS SO ORDERED this 13th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE