**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHARI A. WILEY,<br><br>Plaintiff,<br><br>v.<br><br>THIRTY5 WEST NEW LP, LLC;<br>PEGASUS RESIDENTIAL, LLC; and<br>AMBER MCPHERSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-01399-JD |

**ORDER**

The Court takes note of Plaintiff Shari A. Wiley's ("Ms. Wiley") Verified Civil Complaint and Bill in Equity, filed pro se. ("Compl.") [Doc. No. 1]. The Complaint is brought against Defendants Thirty5 West New LP, LLC ("Thirty5 West"), Pegasus Residential, LLC ("Pegasus"), and Amber McPherson ("McPherson"). *Id.*

"Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (citation modified)). Federal courts further have "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue on their own motion at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Upon review, Ms. Wiley does not allege any facially plausible federal claim. That may cause a lack of subject matter jurisdiction on her state law claims. For the reasons set forth below, Plaintiff Shari Wiley is ORDERED to SHOW CAUSE in writing by **March 17, 2026,** why this action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## I. LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

Federal courts have limited jurisdiction, meaning all claims filed in federal court must contain a statutory basis of jurisdiction. *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Thus, "there is a presumption against [federal subject matter]

jurisdiction." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The burden of proving subject matter jurisdiction lies with the plaintiff, as "it is settled that the jurisdiction of a court of the United States must appear from distinct allegations, or from facts clearly proven, and is not to be established argumentatively or by mere inference." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904). "Mere conclusory allegations of jurisdiction are not enough" to establish subject matter jurisdiction. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

## II. ANALYSIS

Ms. Wiley invokes federal jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), the Declaratory Judgment Act ("DJA"), and 42 U.S.C. § 1983. Compl. ¶ 5.[1]

The Court addresses each count, explaining why none plausibly alleges a federal claim. The Court then explains why this causes a lack of subject matter jurisdiction over the remaining claims. In short: (1) the DJA does not create jurisdiction or a standalone claim, (2) the Defendants are not state actors within the meaning of 42 U.S.C. § 1983, and (3) the Defendants in this case are not "debt collectors" within the meaning of the FDCPA. On the federal claims, it appears "patently obvious that" Ms. Wiley cannot "prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint" on the federal claims "would be futile." *McKinney*, 925 F.2d at 365. Ms. Wiley also brings several state law claims,[2] none of which plead an independent ground of federal jurisdiction.

---

[1] Ms. Wiley also lists "FRCP 17(a)" for the proposition that there is a "real party in interest defect." Compl. ¶¶ 32–35. The structure of the complaint makes it unclear whether Ms. Wiley intends for this allegation to serve as a distinct claim. To the extent it is a distinct claim, it does not contain a basis for subject matter jurisdiction at all. The Federal Rules of Civil Procedure do not create substantive causes of action. *See* 28 U.S.C. § 2072(b) (clarifying that the Rules Enabling Act "shall not abridge, enlarge or modify any substantive right").

[2] Ms. Wiley says that "UCC Article 9" is a "federal commercial law in interstate secured transactions" that provides federal jurisdiction. Compl. ¶ 5. But the Uniform Commercial Code ("UCC") is not a federal law. Rather, the UCC is a model statutory scheme most states have adopted in some form. *See Uniform Commercial Code*, Am. L. Inst., https://www.ali.org/publications/uniform-commercial-code (last accessed Mar. 3, 2026) (publisher of the UCC describing it as a "comprehensive modernization of various

### A. The Declaratory Judgment Act

Ms. Wiley styles "Count I" as "Declaratory Judgment." Compl. ¶¶ 43–45. But "[t]he operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 399 U.S. 667, 671 (1950) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). When Congress passed the DJA, it "enlarged the range of remedies available in the federal courts," but "the requirements of jurisdiction . . . were not impliedly repealed or modified." *Id.* at 671–72. Ms. Wiley's act of seeking declaratory relief does not create federal jurisdiction, nor does it create a substantive right.

### B. Violation of Due Process – 42 U.S.C. § 1983

Ms. Wiley brings "Count II" as "Violation of Due Process" under 42 U.S.C. § 1983, urging that the Defendants "acted under color of Oklahoma's eviction statutes by enforcing housing rights they do not lawfully possess." Compl. ¶¶ 46–49. She avers this "constitute[s] state action for purposes of 42 U.S.C. § 1983 because Oklahoma eviction courts depend on private landlords to comply with statutory notice, verification, and standing requirements." *Id.* ¶ 36.

A private person acts under "color of state law" when they "exercise[] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting

---

statutes relating to commercial transactions" intended to "assist[] in attaining and maintaining uniformity in state statutes governing commercial transactions by discouraging non-uniform amendments to the UCC by the states"). The Court will liberally construe Ms. Wiley's UCC claim as arising under state law.

*United States v. Classic*, 313 U.S. 299, 326 (1941)). Tests for state action come down to "whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016).

A private landlord's pursuit of eviction is not "fairly attributable to the state." *Id.* Imagine the shoe on the other foot: this Court's enforcement of a judgment in Ms. Wiley's favor would not be "fairly attributable to the state" merely because that enforcement occurs with state power. *Id.* The same goes for a person's "compl[iance] with statutory . . . requirements" to enforce a private right of eviction. Compl. ¶ 36. Otherwise, there would be a post-lawsuit lawsuit for every losing party, resulting in an endless cycle of litigation. That is not the law. Even accepting as true Ms. Wiley's allegations that the eviction is wrongful, the Defendants are not state actors for seeking that eviction.[3] No amendment could change this.

### C. The Fair Debt Collection Practices Act

Ms. Wiley brings "Count IV" under the heading "Fair Debt Collection Practices Act." Compl. ¶¶ 53–55. She argues that Pegasus and McPherson "are 'debt collectors' under 15 U.S.C. § 1692a(6) because they regularly collect or attempt to collect debts allegedly owed to" Thirty5 West. *Id.* ¶ 39.

---

[3] This encompasses Ms. Wiley's allegation that "[t]his Court has jurisdiction under 28 U.S.C. § 1343(a)(3) for civil rights violations," Compl. ¶ 6, as that statute provides federal jurisdiction for claims brought under 42 U.S.C. § 1983.

The FDCPA defines a debt collector as one "who regularly collects or attempts to collect" debts "owed or due another." 15 U.S.C. § 1692a(6). The law further states that an "officer or employee of a creditor" who collects debts owed to the company itself is not a debt collector. *Id.* § 1692a(6)(a). And critically, the law clarifies that "[t]he term 'debt collector' does not include . . . any person collecting or attempting to collect . . . concern[ing] a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii).

Ms. Wiley does not allege that Pegasus or McPherson regularly attempt to collect "debt[s]" that are "in default at the time" that they "obtain" the residential rental accounts. *Id.* Ms. Wiley says Pegasus is "the property management company designated on the lease to receive notices, enforce alleged debts, and administer tenancy" and that McPherson is "the Community Director acting under color of authority for both Defendants." Compl. ¶¶ 10–11. Those descriptions affirm that Pegasus and McPherson control the accounts *before* default, because defaults cannot occur until *after* the signing of a residential lease. *Id.* Accepting Ms. Wiley's factual allegations as true, they admit complete failure on an essential element because Pegasus and McPherson are not "debt collectors" under the FDCPA. No amendment to the complaint could change this.

**D. The State Law Claims**

Ms. Wiley does not directly invoke supplemental or diversity jurisdiction. Because the Court cannot "supply additional factual allegations to round out [her] complaint," *Whitney*, 113 F.3d at 1173–74, the Court cannot conclude that Ms. Wiley pleads the elements of diversity jurisdiction as she alleges nothing about diversity of citizenship or

amount in controversy. However, as Ms. Wiley is entitled to a liberal construction, the Court considers whether Ms. Wiley's pleadings counsel the exercise of supplemental jurisdiction over her state law claims. Those claims are "Count III" for "Unauthorized Enforcement of Collateral Rights" under "UCC Article 9," Compl. ¶¶ 50–52; "Count V" for "Breach of Contract" and "Misrepresentation," *id.* ¶ 56; "Count VI" for "Unjust Enrichment," *id.* ¶¶ 57–58; and "Count VII" for "Quiet Enjoyment" and "Equitable Relief," *id.* ¶¶ 59–60.

"When a federal district court has original jurisdiction over a civil cause of action, [28 U.S.C.] § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.'" *Jinks v. Richland Cnty.*, 538 U.S. 456, 458 (2003). Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

But simply because a district court may exercise supplemental jurisdiction does not mean that it should. Indeed, § 1367(c) "describe[s] situations in which a federal court may or must decline to exercise supplemental jurisdiction." *Jinks*, 538 U.S. at 459. Specifically, § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

If the Court "dismiss[es] all claims over which it has original jurisdiction" (that is, the federal claims), then the Court would decline to exercise supplemental jurisdiction under § 1367(c)(3). Should Ms. Wiley adequately show cause as to the existence of a plausible claim over which the Court has original jurisdiction, the Court may reconsider.

## III. CONCLUSION

For these reasons, Plaintiff Shari Wiley is ORDERED to SHOW CAUSE in writing by **March 17, 2026,** why the Court should not do the following:

1) Dismiss Count II (§ 1983 claim) and Count IV (FDCPA claim) with prejudice for failure to state a claim upon which relief may be granted;

2) Decline to exercise supplemental jurisdiction over the state law claims found in Counts III, V, VI, and VII (UCC, breach of contract/misrepresentation, unjust enrichment, and quiet enjoyment/equitable relief claims); and

3) Dismiss Count I (declaratory judgment claim), Count III (UCC claim), Count V (breach of contract/misrepresentation claim), Count VI (unjust enrichment claim), and Count VII (quiet enjoyment/equitable relief claim) without prejudice for lack of subject matter jurisdiction.

Failure by Plaintiff Shari Wiley to respond timely to this Order and her failure to prosecute will result in the Court dismissing the claims and this action as set forth above.

IT IS SO ORDERED this 3rd day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE